UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHRISTOPHER D. LESTER AND          3:16-cv-00909-JAM
MONICA G. LESTER                 :

v.                                     :

LIBERTY MUTUAL FIRE INSURANCE
COMPANY                         :

## AFFIDAVIT OF CHATAIGNIER RED

I, _Chataignier Red_ being duly sworn, do hereby depose and say that:

1. I am over eighteen years of age;

2. I believe in the obligations of an oath;

3. I have personal knowledge of the facts stated herein;

4. I am employed as a Senior Field Claims Resolution Specialist Claims for Liberty Mutual Group, Inc.;

5. Liberty Mutual Fire Insurance Company ("Liberty") first insured the property located at 24 Laurel Drive, Willington, CT on June 1, 2007;

6. The claim was first reported to Liberty on October 16, 2015;

7. In response to the claim, Liberty retained an engineer, Paul Cianci, P.E., to conduct a structural evaluation of the property;

8. Mr. Cianci inspected the property on November 19, 2015 and prepared a report detailing his findings;

9. Mr. Cianci opined in his report that the property had not suffered a substantial impairment to the structural integrity of a building;

10. Mr. Cianci opined in his report that the property was not in any imminent danger of collapsing;

11. Liberty denied the claim via April 12, 2016 correspondence wherein it relied on Mr. Cianci's structural evaluation;

EXHIBIT 2

12.    In the denial letter, Liberty cited exclusions which are directly applicable to the claim presented, including, but not limited to, faulty materials and cracking;

13.    Liberty investigated and evaluated this claim on its own merits and in good faith;

14.    Liberty did not consider any other claim when investigating and evaluating this claim;

15.    Liberty did not consider nonbinding trial court decisions when investigating and evaluating this claim;

16.    Liberty would not consider a nonbinding trial court decision at the expense of investigating this claim on its own merits;

17.    Liberty did not commit a conscious doing of a wrong because of dishonest purpose or moral obliquity when it investigated, evaluated, and decided coverage for this claim;

18.    Liberty's investigation and coverage determination were not prompted by an interested or sinister motive;

19.    Liberty's interpretation of foundation is consistent with the utilization of the term by the Connecticut Supreme Court, Connecticut statutes, and the Connecticut General Assembly;

20.    No court has ever found Liberty in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA");

21.    No decision-maker has ever found Liberty in violation of CUIPA;

22.    Liberty has not received information from ISO about other similar claims;

23.    ISO does not provide Liberty with information on how to deny a cracking foundation claim;

24.    Liberty is not part of any insurance industry-wide conspiracy to deny cracking foundation claims

Dated at _Enfield_____, Connecticut, this _23rd_ day of _October_, 2017.

EXHIBIT 2

CHATAIGNIER RED

STATE OF __CT__ )

COUNTY OF __Hartford__ ) ss: _____
)

Subscribed and sworn to before me this __23rd__ day of __Oct__ , 2017.

Commissioner of the Superior Court
Notary Public
My commission expires: __10/31/19__

JOHN K. FENDT
NOTARY PUBLIC, STATE OF CT
MY COMMISSION EXPIRES
OCTOBER 31, 2019

EXHIBIT 2